USAO# 2020R01388/ BAC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Crim. No. 22- |
| | : | |
| AMY ALDI | : | 18 U.S.C. § 1343 |
| | : | |

## **I N F O R M A T I O N**

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

### **Background**

1. At all times relevant to this Information:

   a. Defendant Amy Aldi ("ALDI") was a resident of Wayne, New Jersey, and the Chief Financial Officer ("CFO") of a New Jersey-based company ("Victim Company").

   b. Victim Company was located in Wyckoff, New Jersey, and was involved in the global wholesale distribution of business imaging products, such as copying machines.

   c. As CFO of Victim Company, ALDI was responsible for Victim Company's financial affairs and, as such, had control over the disbursement of funds from Victim Company's bank account held at Bank 1.

   d. Bank 1 was an international financial institution with numerous locations in New Jersey.

**The Scheme to Defraud**

2. From in or about January 2018 through in or about December 2020, in the District of New Jersey, and elsewhere, the defendant,

**AMY ALDI**,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud Victim Company, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce writings, signs, signals, and sounds, as more fully set forth below.

**Goal of the Scheme to Defraud**

3. It was the goal of the scheme to defraud for ALDI to enrich herself by fraudulently withdrawing, and unlawfully using for her own personal benefit, funds from Victim Company's Bank 1 bank account.

**Manner and Means of the Scheme to Defraud**

4. It was part of the scheme to defraud that:

a. From at least as early in or about January 2018 through in or about December 2020, ALDI made more than 200 unauthorized cash withdrawals from Victim Company's bank account at Bank 1.

b. The unauthorized withdrawals were made at various Bank 1 branches located in New Jersey and ranged in amounts from approximately $5,000 to approximately $27,000 per withdrawal. For example:

     i. On or about November 20, 2020, without permission or authority from Victim Company, ALDI unlawfully withdrew for her own personal benefit approximately $15,000 in cash from Victim Company's bank account at a Bank 1 branch located in Pompton Plains, New Jersey.

     ii. On or about November 13, 2020, without permission or authority from Victim Company, ALDI unlawfully withdrew for her own personal benefit approximately $15,000 in cash from Victim Company's bank account at a Bank 1 branch located in Oakland, New Jersey.

     iii. On or about October 28, 2020, without permission or authority from Victim Company, ALDI unlawfully withdrew for her own personal benefit approximately $12,000 in cash from Victim Company's bank account at a Bank 1 branch located in Franklin Lakes, New Jersey.

  c. The unauthorized withdrawals made by ALDI in New Jersey from Victim Company's Bank 1 account were transacted by Bank 1 using wire communications sent to and maintained by Bank 1 in Toronto, Canada, and posted by Bank 1 to Victim Company's bank account in Ontario, Canada.

  d. ALDI's unlawful withdrawals from Victim Company's Bank 1 bank account resulted in losses to Victim Company of approximately $3.7 million.

**Execution of the Scheme**

5.      On or about November 24, 2020, for the purpose of executing the scheme and artifice to defraud, in the District of New Jersey and elsewhere, the defendant,

**AMY ALDI**,

did knowingly and intentionally transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, namely, an unauthorized cash withdrawal of approximately $5,000 from Victim Company's Bank 1 account at a Bank 1 branch location in Wayne, New Jersey.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1. Upon conviction of the wire fraud offense, in violation of 18 U.S.C. § 1343, as charged in this Information, defendant **AMY ALDI** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property, real and personal, the defendant obtained that constitutes or is derived from proceeds traceable to the commission of the said offense.

### Substitute Assets Provision

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

CASE NUMBER: _____

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**AMY ALDI**

## INFORMATION FOR

**18 U.S.C. § 1343**
**18 U.S.C. § 2**

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

BLAKE COPPOTELLI
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 856-9095